IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHANIE A. MCCULLAGH,

    Plaintiff,

vs.                                                       Case No: 2:17-cv-138-FtM-99MRM

CIRCLE K STORES INC.

    Defendant.
_____/

## DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE

Defendant, Circle K Stores, Inc. ("Defendant"), by and through its undersigned counsel, hereby responds to this Honorable Court's March 9, 2017 Order to Show Cause (Doc 7), by stating as follows:

1. On or about March 8, 2017, Defendant removed this action citing diversity jurisdiction under 28 U.S.C. § 1332 as the basis for removal. (Doc. 1)

2. This Honorable Court issued a *sua sponte* Order dated March 9, 2017 concerning whether Defendant had properly established diversity jurisdiction at the time of removal. (Doc. 7)

3. Specifically, the Court has questioned whether diversity of citizenship exists between Plaintiff and Defendant and has ordered Defendant to show cause as to why this case should not be remanded for failing to establish diversity jurisdiction at the time of removal. (*Id.*)

4. Admittedly, Plaintiff's Complaint lacks any allegations regarding Plaintiff's domicile or citizenship.

5. Defendant did file Plaintiff's Answers to Interrogatories as an exhibit to its Notice of Removal, which indicate that Plaintiff resides in Florida. (Doc. 1-4)

6. However, Defendant appreciates the fact that Plaintiff's place of residence does not necessarily mean that she is domiciled in Florida.

7. As such, Defendant has submitted further evidence to establish that Plaintiff's domicile at all times material to this case was and is in fact Florida.

8. To determine Plaintiff's domicile, undersigned counsel for Defendant performed an extensive public records search, which included, among other things, a West Law public records search, a property tax records search as well as Google internet searches for various forms of public records pertaining to Plaintiff. *See* the Affidavit of Joel Mohorter, Esq. attached hereto as **Exhibit "1."**

9. The public records investigation of Plaintiff revealed the following pertinent information: Plaintiff has maintained addresses in Florida since at least 1995; from 2008 to the present Plaintiff has resided in Lehigh Acres, Florida in a home owned jointly with her husband for which she pays property taxes and claims a homestead exemption; Plaintiff has a Florida driver's license; Plaintiff is registered to vote in Florida; Plaintiff has a Florida fishing license; and Plaintiff has maintained vehicle registrations in Florida. *See* Ex. 1.

10. In addition, Plaintiff's Answers to Interrogatories indicate that Plaintiff's last place of employment was in Florida and all of Plaintiff's treating physicians for at least the last ten years have been located in Florida, including a primary care physician who treated Plaintiff since she was fifteen-years-old. (Doc. 1-4)

11. Notably, other than a Social Security number that was issued in Virginia in 1974 or 1975, there was a complete absence of any public records pertaining to Plaintiff from any state other than Florida. Ex. 1.

12. Based on the above, there is an unrebutted presumption that Plaintiff's domicile is Florida and this case should not be remanded for a lack of diversity.

13. Even though it was not specifically challenged in the Order to Show Cause, in an abundance of caution, Defendant also submits the Affidavit of Albert Smith which establishes that Defendant is incorporated in Texas with its principal place of business in Arizona. *See* the Affidavit of Albert Smith attached hereto as **Exhibit "2."**

14. Accordingly, Defendant has met its burden of establishing complete diversity and this case should not be remanded.

## MEMORANDUM OF LAW

Defendant, as the party invoking federal jurisdiction, bears the burden of pleading complete diversity and also has the burden of proof once diversity jurisdiction has been properly challenged. *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* (internal quotations and citation omitted). "A domicile once acquired is presumed to continue until it is shown to have been changed." *Mitchell v. U.S.*, 88 U.S. 350, 353 (1874). "To constitute the new domicile two things are indispensable: First, residence in the new locality; and, second, the intention to remain there." *Id.*; *see also McCormick v. Aderholt*, 293 F.3d 1254, 1258 (11th Cir. 2002) (noting that "a change of domicile requires a concurrent showing of (1) physical presence at the new location with (2) an intention to remain there indefinitely.") (internal quotations and citation omitted). "Either without the other is insufficient." *Mitchell*, 88 U.S. at 353. "There must be the animus to change the prior domicile for another." *Id.* "Among the circumstances usually relied upon to establish the *animus*

*manendi* are: Declarations of the party; the exercise of political rights; the payment of personal taxes; a house of residence, and a place of business." *Id.*

Here, the presumption must be that Plaintiff's domicile is in Florida. Plaintiff has not taken up residence in a locality outside of Florida. *See* Ex. 1. There is no evidence that Plaintiff has made any declarations expressing an intent to remain anywhere other than Florida. Plaintiff has a house of residence in Florida for which she claims as her homestead and pays property taxes. *Id.* It should be noted that in order to claim the homestead exemption in Florida, one must make "the property his or her permanent residence…" Fla. Stat. § 196.031(1)(a). Among the factors Florida considers when determining a person's permanent residence are the place of employment, voter registration in this state, a Florida driver's license and vehicle registrations. Fla. Stat. § 196.015. The homestead exemption is determinative since it necessarily means that Plaintiff cannot claim a domicile in any other state while claiming a homestead exemption on her Florida residence. *See Endsley v. Broward County*, 189 So.3d 938, 943 (Fla. 4th DCA 2016) (holding that the receipt of multiple homestead exemptions, both in and out of the State of Florida, are prohibited by section 196.031(5), Florida Statutes and Article VII, section 6(b) of the Florida Constitution).

Plaintiff's last place of employment was in Florida. (Doc. 1-4) Plaintiff's treating doctors are in Florida. (*Id.*) Plaintiff has a Florida driver's license and fishing license and has maintained motor vehicles registrations in Florida. Ex. 1. Plaintiff has exercised her political rights in Florida by registering to vote in Florida. *Id.* The only known connection Plaintiff has to any state other than Florida is a Social Security number which was issued in Virginia in 1974 or 1975. *Id.* This alone is insufficient to establish a domicile outside of Florida. In essence, all of Plaintiff's activities establish that Plaintiff not only resides in Florida, but also that she is in fact domiciled in

Florida. Accordingly, Defendant has met its burden of establishing complete diversity and this case should not be remanded on this basis.

WHEREFORE, upon proper showing of diversity as set forth above, Defendant, Circle K Stores, Inc., respectfully requests that this case not be remanded.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed using the Court's CM/ECF filing system which automatically provides service via electronic mail to Christopher J. Smith, Esq., Goldstein, Buckley, Cechman, Rice & Purtz, P.A.., 1515 Broadway, PO Box 2366, Ft. Myers, Florida 33902, richard@gbclaw.com on this 23rd day of March 2017.

/s/ Joel R. Mohorter
Robert M. Stoler, Esquire
Florida Bar No. 816256
Joel R. Mohorter, Esquire
Florida Bar No.: 96462
**STOLER RUSSELL KEENER VERONA**
201 N. Franklin Street, Suite 3050
Tampa, Florida 33602
TEL: (813) 609-3200
Attorneys for Defendant
stolerservice@stolerrussell.com